L. W. FRISBIE v. M. A. SMITH.

No. 1529.

**School Land—Correction of Field Notes.**

The Commissioner of the General Land Office has no authority to correct the field notes of a survey of land belonging to the public free school fund, so as to include less land than was included in the original field notes. (Acts, Feb. 3, 1883, and March 22, 1889, in relation to school lands construed.)

APPEAL from District Court, Wichita County. Tried below before Hon. GEO. E. MILLER.

*J. H. Barwise, Jr.*, for appellant.—The validating act of the 18th Legislature, chapter 8, page 4, was not intended to contravene the well fixed rules of law, but its purpose was to validate and cure defects in the school part of surveys that had been irregularly and improperly made.

The Commissioner of the General Land Office, by a specific act of the Legislature, was invested with full and general power to ascertain conflicts and errors in school surveys and to make such corrections in the field notes thereof as he deemed proper and necessary. He had authority to correct B. S. & F. survey No. 2, and the correction thereof by him being filed, accepted and approved binds the State and thereafter evidences the true location of the survey. The acts of the official surveyor and the commissioner in correcting No 2 are to be presumed to have been done in the proper manner and in the exercise of legitimate power, the contrary not having been shown. Acts of 1887, p. 107, Sayles' Rev. Stats., 4030a, sec. 1; Sayles' Rev. Stats., arts. 3918-19-20; Wooters v. Hall, 61 Texas, 16; Keenan v. Perry, 24 Texas, 261; Forbes v. Withers, 71 Texas, 306.

*N. Henderson*, for appellee.—Any land in Texas which has once been surveyed under authority of law, for the benefit of the public free

schools, is thereafter forever withdrawn, segregated and set aside from the vacant public domain, or in other words, is appropriated and is not subject to location by certificate. And no authority rests in the Commissioner of 'the General Land Office to re-transfer such land back to the unappropriated public domain, by approval of corrected field notes or otherwise. Acts of 1883, p. 4.

FISHER, CHIEF JUSTICE.—*Opinion.*—This was a suit brought in ordinary form of trespass to try title, by the appellant, as plaintiff below, against the appellee, defendant below, filed in the District Court of Wichita County, Texas, upon November 28, 1893, and involved the title to thirty-five acres of land situated in said county. The appellee disclaimed as to a strip of eighteen varas off of the south side of the block sued for; and as to the balance he pleaded not guilty, the statute of five years' limitation and improvements in good faith. Trial was had before the court without a jury on June 8, 1894, which resulted in a judgment for the appellee for all of the land except that to which appellee had disclaimed. Upon the trial the appellee relied solely upon his plea of not guilty. The case was submitted to the District Court upon an agreed statement of facts and is so submitted here upon the same statement. The effect of the agreed statement of facts is that the appellant is entitled to a judgment for the land by him sued for, unless upon November 24, 1892, the date of his location, it was a part of B. S. & F. survey No. 2, and belonged to the public free schools of the State of Texas.

There is no controversy about the facts. There is an agreed statement in the record to which we refer and will only here state so much of the facts as will explain our ruling. The land in question was originally a part of the B. S. & F. survey located in November, 1878, as a part of the public free school lands. The land in controversy remained a part of that survey until December 11, 1890, when by corrected field notes the land in controversy was excluded from said survey. This part of said survey was included in the calls of the original survey as it was located.

It is admitted that if the land in controversy was subject to location by land certificate on November 24, 1892, the appellant is entitled to recover same.

The question in the case is was it lawful to so correct the field notes of the original B. S. & F. survey No. 2, it being land belonging to the general school fund, so as to reduce its quantity and give it less land than was called for by its original field notes, and thereby take from it the land in controversy. There are two statutes which have a bearing upon this question. The first in order is that of February 3, 1883, which in effect declares that all locations of public lands surveyed for the benefit of the public free schools are valid whether the certificates by which they were located were "void or voidable, valid or invalid."

The second is the act of March 22, 1889, which in effect declares that

all lands embraced within the surveys located by virtue of the certificates of the class by virtue of which the survey in question was located are withdrawn from the mass of the public domain and the subsequent provision of the statute declares that all excess in said surveys shall belong to the public free school fund and provides how those surveys that belong to individuals may be corrected so as to ascertain this excess. If the Commissioner of the General Land Office in the exercise of the authority that exists in some instances to correct the field notes of a survey, could by such correction reduce the area or quantity of the land called for by the field notes of a survey belonging to the free school funds, it would defeat the purpose of the statute noticed, and we do not believe he has the authority to make such correction of the field notes of a survey belonging to the public schools so as to change the boundaries of the survey as originally made and thereby to decrease the area of such survey.

This is all that need be said on this question. Therefore we affirm the judgment below.

*Affirmed.*

Decided April 22, 1896.